UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOBBY LOBBY STORES, INC., <br><br> Plaintiff, <br><br> -v- <br><br> CHRISTIE'S INC. and JOSEPH DAVID HACKMEY, <br><br> Defendants. | Case No. 20-CV-2239 <br><br> JURY TRIAL DEMANDED |

## DEFENDANT CHRISTIE'S INC.'S ANSWER TO AMENDED COMPLAINT

Defendant Christie's Inc. ("Christie's"), by and through its attorneys, hereby answers the allegations in Hobby Lobby Stores, Inc.'s ("Hobby Lobby") Amended Complaint, dated February 1, 2021 [ECF No. 25].

## GENERAL DENIAL

Except for those allegations expressly admitted herein, Christie's denies each and every allegation of the Amended Complaint. Except as defined herein, the defined terms of the Amended Complaint are incorporated herein by reference, but Christie's does not concede the truthfulness or accuracy of the defined terms. To the extent that headings contained in the Amended Complaint, some of which are replicated herein for ease of reference, contain allegations of fact to which a response is required, Christie's denies them in full.

## PRELIMINARY STATEMENT

1.  The allegations in the first sentence of Paragraph 1 set forth characterizations of Hobby Lobby's claims to which no response is required. To the extent a response is required,

Christie's denies the allegations in the first sentence of Paragraph 1. Christie's admits that it acted for a seller, Joseph David Hackmey, who sold the Gilgamesh Tablet to Hobby Lobby on July 14, 2014 pursuant to a private sale agreement, but denies that the Tablet was sold for a purchase price of $1,694,000. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. Paragraph 2 purports to characterize the Private Sale Agreement, to which Christie's respectfully refers the Court for its complete contents. Christie's otherwise denies the allegations in Paragraph 2, or these allegations contain legal conclusions to which no response is required.

3. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

## THE PARTIES

4. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Christie's admits the allegations in Paragraph 5.

6. Christie's lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 purports to characterize 28 U.S.C. § 1332, to which Christie's respectfully refers the Court for its complete contents. This paragraph contains legal conclusions to which no response is required.

8. This paragraph contains legal conclusions to which no response is required.

9. The allegations in Paragraph 9 purport to characterize 28 U.S.C. § 1391, to which Christie's respectfully refers the Court for its complete contents. This paragraph contains legal conclusions concerning 28 U.S.C. § 1391 to which no response is required. Christie's otherwise denies the allegations in Paragraph 9.

## ALLEGATIONS COMMON TO ALL CAUES OF ACTION

10. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Paragraph 11 and the footnotes cited therein purport to characterize multiple Executive Orders and United Nations Security Council Resolutions, a 2004 congressional authorization and sanctions regulations to which Christie's respectfully refers the Court for their complete contents. Christie's otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, or this paragraph contains legal conclusions to which no response is required.

13. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Christie's admits that it conducts provenance research on all antiquities it offers for sale, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Christie's denies the allegations in Paragraph 21, but admits that Hackmey consigned the Tablet to Christie's.

22. Christie's admits that it contacted Hobby Lobby concerning its interest in the Tablet and that Hobby Lobby viewed the Tablet at Christie's in London in March of 2014, but otherwise denies the allegations in Paragraph 22 or has insufficient information to form a belief as to their truth.

23. Christie's admits that it provided a sale catalogue for the Tablet to Hobby Lobby containing the text quoted beginning with the word "Provenance," but denies the remainder of the allegations in Paragraph 23 to the extent they seek to characterize such sale catalogue.

24. Christie's admits that it provided a sale catalogue for the Tablet to Hobby Lobby, which identified a Butterfield's sale in San Francisco in 1981, and which identified Michael Sharpe as a possessor of the Tablet. Christie's denies the remainder of the allegations in Paragraph 24. To the extent the allegations in this Paragraph seek to characterize the allegations in the Government's

4

Forfeiture Complaint, Christie's respectfully refers the Court to that document for its complete contents.

25. Christie's denies the allegations in Paragraph 25.

26. Christie's denies all allegations in Paragraph 26, except admits that it offered the Tablet to Hobby Lobby in a private sale.

27. Paragraph 27 contains legal conclusions to which no response is required. Footnote 6 purports to characterize the court's opinion in *Cristallina v. Christie*, to which Christie's respectfully refers the Court for its complete contents; Christie's additionally denies the relevance or applicability of that opinion to the extent Paragraph 27 alleges the same. Christie's otherwise denies the allegations in Paragraph 27.

28. Christie's admits that it provided Hobby Lobby with documents and information supporting the Tablet's provenance in response to a request from Hobby Lobby for the same, but otherwise denies the allegations in Paragraph 28.

29. Christie's admits the allegations in Paragraph 29.

30. Christie's admits the allegations in Paragraph 30.

31. Paragraph 31 purports to characterize the Private Sale Agreement, to which Christie's respectfully refers the Court for its complete contents.

32. Christie's denies the allegations in Paragraph 32.

33. Christie's admits the allegations in Paragraph 33.

34. Christie's admits that Hobby Lobby inquired about the Tablet's provenance. Christie's otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Christie's admits that it communicated with Hobby Lobby concerning provenance of the Tablet after its sale via consignment arrangement. Christie's denies the remainder of the allegations in Paragraph 35, or these allegations contain legal conclusions to which no response is required.

36. Christie's admits that it sold the Gospels to Hobby Lobby at auction in 2011. Christie's lacks knowledge or information to form a belief as to the MOTB's intentions concerning the Gospels. Footnote 7 purports to characterize multiple court documents and news articles to which Christie's respectfully refers the Court for their complete contents; Christie's additionally denies the relevance or applicability of those court documents and news articles to the extent Paragraph 36 alleges the same. Christie's denies the remainder of the allegations in Paragraph 36.

37. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38 Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and last sentences of Paragraph 38. Footnote 8 purports to characterize 18 U.S.C. §§ 2314 and 2315, to which Christie's respectfully refers the Court for their complete contents. Christie's denies the remaining allegations in Paragraph 38.

39. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39

40. Christie's admits that it declined to refund Hobby Lobby the full purchase price of the Tablet, but otherwise denies the allegations in Paragraph 40.

41. Christie's admits that the U.S. Attorney's Office for the Eastern District of New York commenced a forfeiture action in this Court on May 18, 2020 relating to the Tablet, but denies the remaining allegations in Paragraph 41, or these allegations seek to characterize the

Government's Forfeiture Complaint, to which Christie's respectfully refers the Court for its full contents.

42. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

### FIRST CLAIM FOR RELIEF
(Against Christie's and Hackmey for Breach of the Warranty of Title and
Against Infringement Under NY UCC § 2-312)

43. Christie's repeats and incorporates by reference each and every response set forth above, as though fully and completely set forth here in Paragraph 43.

44. Paragraph 44 purports to characterize §2-312 of the New York Uniform Commercial Code, to which Christie's respectfully refers the Court for its complete contents.

45. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. The allegations in Paragraph 46 set forth legal conclusions and characterizations of Hobby Lobby's claims to which no response is required, and Christie's otherwise denies the allegations in Paragraph 46.

47. The allegations in Paragraph 47 set forth legal conclusions and characterizations of Hobby Lobby's claims to which no response is required, and Christie's otherwise denies the allegations in Paragraph 47.

48. Christie's denies that the demands listed in Paragraph 48 constitute allegations of fact, denies Hobby Lobby's demands to the extent that they are, and denies that Hobby Lobby is entitled to any of the relief it seeks.

### SECOND CLAIM FOR RELIEF
(Against Christie's and Hackmey for Breach of Implied Warranty:
Merchantability; Usage of Trade Under NY UCC §2-314(2))

49. Christie's repeats and incorporates by reference each and every response set forth above, as though fully and completely set forth here in Paragraph 49.

50. Paragraph 50 purports to characterize §2-314 of the New York Uniform Commercial Code, to which Christie's respectfully refers the Court for its complete contents.

51. Paragraph 51 and Footnote 9 purport to characterize §2-104 of the New York Uniform Commercial Code, to which Christie's respectfully refers the Court for its complete contents. Paragraph 51 contains legal conclusions to which no response is required. To the extent Paragraph 51 alleges facts concerning Hackmey, Christie's responds that it has insufficient information to form a belief as to the truth of such allegations.

52. The allegations in Paragraph 52 set forth legal conclusions and characterizations of Hobby Lobby's claims to which no response is required, and Christie's otherwise denies the allegations in Paragraph 52.

53. The allegations in Paragraph 53 set forth legal conclusions and characterizations of Hobby Lobby's claims to which no response is required, and Christie's otherwise denies the allegations in Paragraph 53.

54. Christie's denies that the demands listed in Paragraph 54 constitute allegations of fact, denies Hobby Lobby's demands to the extent that they are, and denies that Hobby Lobby is entitled to any of the relief it seeks.

**THIRD CLAIM FOR RELIEF**
(Against Christie's and Hackmey for Breach of Express Warranty By Affirmation,
Promise, Description, Sample Under NY UCC § 2-313)

55. Christie's repeats and incorporates by reference each and every response set forth above, as though fully and completely set forth here in Paragraph 55.

56. Paragraph 56 purports to characterize §2-313 of the New York Uniform Commercial Code, to which Christie's respectfully refers the Court for its complete contents.

57. Christie's admits that it provided Hobby Lobby with documents and information supporting the Tablet's provenance in response to a request from Hobby Lobby for the same, but otherwise denies the allegations in Paragraph 57.

58. Paragraph 58 purports to characterize the Private Sale Agreement, to which Christie's respectfully refers the Court for its complete contents. Christie's otherwise denies the allegations in Paragraph 58.

59. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, or these allegations contain legal conclusions to which no response is required. To the extent the allegations in Paragraph 59 aver knowing or intentional false representations by Christie's to Hobby Lobby in connection with the Tablet, Christie's denies those allegations.

60. The allegations in Paragraph 60 set forth legal conclusions and characterizations of Hobby Lobby's claims to which no response is required, and Christie's otherwise denies the allegations in Paragraph 60.

61. Christie's denies that the demands listed in Paragraph 61 constitute allegations of fact, denies Hobby Lobby's demands to the extent that they are, and denies that Hobby Lobby is entitled to any of the relief it seeks.

## FOURTH CLAIM FOR RELIEF
(Against Christie's for Fraud)

62. Christie's repeats and incorporates by reference each and every response set forth above, as though fully and completely set forth here in Paragraph 62.

63. Christie's denies the allegations in Paragraph 63.

9

64. Christie's denies the allegations in Paragraph 64.

65. Christie's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, or these allegations contain legal conclusions to which no response is required.

66. Christie's admits that it communicated with Hobby Lobby concerning provenance of the Tablet after its sale via consignment arrangement, but otherwise denies the allegations in Paragraph 66.

67. Christie's denies that the demands listed in Paragraph 67 constitute allegations of fact, denies Hobby Lobby's demands to the extent that they are, and denies that Hobby Lobby is entitled to any of the relief it seeks.

68. The allegations in Paragraph 68 set forth legal conclusions and characterizations of Hobby Lobby's claims to which no response is required. Christie's otherwise denies the allegations in Paragraph 68 and denies that Hobby Lobby is entitled to the relief it seeks.

## **DEMAND FOR RELIEF**

Christie's denies that the demands listed in the "Demand for Relief" paragraph constitute allegations of fact, denies Hobby Lobby's demands to the extent that they are, and denies that Hobby Lobby is entitled to any of the relief it seeks.

## **DEFENSES**

Christie's asserts the following defenses and reserves the right to assert other defenses or claims when and if they become appropriate or available in this action. By asserting the defenses herein, Christie's does not assume the burden of proof for any issues as to which the applicable law places the burden on Hobby Lobby:

1. Hobby Lobby's Amended Complaint, including all causes of action it purports to bring against Christie's, is in whole or in part barred by the applicable statute of limitations.

2. Christie's is not liable to Hobby Lobby, insofar as any liability exists for any person related to the causes of action asserted in Hobby Lobby's Amended Complaint, for the acts or omissions of Joseph David Hackmey, or of any other person.

3. Hobby Lobby's Amended Complaint, in whole or in part, fails to state a claim against Christie's for which relief can be granted.

4. Hobby Lobby's claims are barred, in whole or in part, because Christie's performed all duties owed under the contract other than any duties which were prevented or excused, and therefore never breached the agreement.

5. Hobby Lobby's Amended Complaint, and each allegation of fraud and misrepresentation therein, fails to allege the circumstances constituting fraud with particularity in accordance with Fed. R. Civ. P. 9(b).

6. Hobby Lobby's claims for breach of express or implied warranties are barred by Hobby Lobby's own material breach of its warranties or obligations stemming from the same agreement.

7. Hobby Lobby is equitably estopped from asserting the claims in its Amended Complaint.

## CONCLUSION

WHEREFORE, based on the above answers and defenses to the Amended Complaint filed by Hobby Lobby, Christie's respectfully asks that the Court enter an Order:

i. dismissing the Amended Complaint in its entirety with prejudice;

ii. denying all relief sought by Hobby Lobby;

    iii.    awarding Christie's its costs and expenses, including attorneys' fees; and

    iv.    awarding such other and further relief to Christie's as the Court deems just and proper.

Dated: February 16, 2021  
       New York, New York

BAKER BOTTS L.L.P.

/s/ Andrew M. Lankler  
Andrew M. Lankler

30 Rockefeller Plaza  
New York, New York 10112  
Tel: (212) 408-2516  
Fax: (212) 259-2516  
Andrew.lankler@bakerbotts.com

*Attorneys for Defendant Christie's Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2021, a copy of the foregoing Defendant Christie's Inc.'s Answer to the Amended Complaint was electronically filed with the clerk of the court of the United States District Court, Eastern District of New York, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew M. Lankler*
Andrew M. Lankler